RECEIVED
IN LAKE CHARLES, LA.

JAN -6 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | * | CIVIL ACTION NO 2:13-CV-02226 |
| Plaintiffs | * | |
| V. | * | JUDGE MINALDI |
| FIRST PETROLEUM, INC. | * | MAGISTRATE JUDGE KAY |
| Defendant | * | |

## MEMORANDUM RULING

Before the court is the Motion for Default Judgment [Doc. 11], filed by the plaintiffs, to which the defendant has filed a Memorandum in Opposition [Doc. 15]. Also before the court is the Motion to Set Aside Default [Doc. 17], filed by the defendant. For the following reasons, the plaintiffs' Motion for Default Judgment [Doc. 11] is **DENIED**, and the defendant's Motion to Set Aside Default [Doc. 17] is **GRANTED**.

### FACTS AND PROCEDURAL HISTORY

This case concerns a dispute over an insurance policy, under which the defendant claims that the plaintiffs owe it a duty to provide defense and indemnification for claims asserted against the defendant in *Roderick L. Davis et al. v. First Petroleum, Inc., et al.*, No. C-777-12 (31st J.D.C., filed Nov. 20, 2012).[1] The policy in question provides commercial general liability coverage.[2] The plaintiffs herein seek a declaratory judgment finding that the plaintiffs have no duty to defend or indemnify the defendant under the policy for the claims asserted in the underlying lawsuit.

---

[1] Compl. [Doc. 1], at 1.
[2] *Id.* at ¶5.

1

The plaintiffs filed suit in federal court on July 8, 2013, on the basis of diversity jurisdiction.³ According to the plaintiffs' complaint, the defendant's registered agents for service of process are Farhanna Siddiquee and Mohammed Hossain, 2845 Country Club Road, Lake Charles, Louisiana, 70605, or wherever either or the aforementioned agents may be found.⁴ Service was made upon Mohammed Hossain on July 23, 2013.⁵

The defendant's Answer was due on August 13, 2013, but the defendant failed to timely file. On August 21, 2013, the plaintiffs filed a Motion [Doc. 9] seeking an entry of default. On August 23, 2013, the Clerk of Court entered a default against the defendant.⁶ On September 9, 2013, the plaintiffs filed a Motion for Default Judgment [Doc. 11], seeking the entry of a final default judgment. On October 3, 2013, the defendant filed a Motion to Set Aside Default [Doc. 17].

## LAW & ANALYSIS

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." FED. R. CIV. PRO. 55(c). The "Fifth Circuit has held that a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Diamond Servs. Corp. v. Oceanografia S.A. de C.V.*, No. 10-0177, 2013 U.S. Dist. LEXIS 10426 (W.D. La. Jan. 24, 2013) (*citing Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citations omitted)). Federal courts will generally construe the "good cause" requirement very liberally. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (*citing Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)). "Three factors are examined for determining "good cause" *vel non*: (1) whether the failure to act was willful; (2) whether setting

---

³ *Id.* at ¶3.
⁴ *Id.* at ¶ 2.
⁵ Proof of Service [Doc. 8], at 2.
⁶ Notice of Entry of Default [Doc. 10].

the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Id.* (*citing Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are nonexclusive, and other factors, "such as whether the party acted expeditiously to correct the default," may be considered. *Id.*

An affidavit was submitted in conjunction with the defendant's Motion which asserts that Farhanna Siddiquee is the registered agent for service of process, and the vice president of the defendant company.[7] Although the affidavit does not directly contest whether or not Mohammed Hossain is a registered agent for service, it does state that Mr. Hossain is not empowered to make legal decisions for the defendant.[8] The Motion also asserts that Ms. Siddiquee is a native of Bangladesh, and was in Bangledesh from June 20, 2013, until her return to the United States on September 23, 2013.[9] As such, she was unable to respond on behalf of the defendant at the time the default was entered.[10]

It appears to the court that the failure to respond to the plaintiffs' complaint was not willful. The defendant's Motion was filed shortly after Ms. Siddiquee's return to the United States. Further, responsive pleadings were filed contemporaneously with the filing of the instant Motion. *See* [Doc. 13]. Under these circumstances, the court can see no way in which the setting aside of the default judgment would prejudice the plaintiffs. It seems that the defendant's initial failure to timely file an answer was a simple mistake made in good faith and due to Ms. Siddiquee's absence from the country. Accordingly,

**IT IS ORDERED** that the plaintiffs' Motion for Default Judgment [Doc. 11] be and hereby is **DENIED**.

---

[7] Aff. [Doc. 17-3].
[8] *Id.*
[9] Mot. to Set Aside Default [Doc. 17-1], at 2-3.
[10] *Id.*

**IT IS FURTHER ORDERED** that the defendant's Motion to Set Aside Default [Doc. 17] be and hereby is **GRANTED**.

Lake Charles, this 13 day of December, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT