RECEIVED
IN LAKE CHARLES, LA.

OCT - 1 2014

TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | * | CIVIL ACTION NO. 2:13-CV-2226 |
| | * | |
| Plaintiffs | * | |
| | * | |
| V. | * | JUDGE PATRICIA MINALDI |
| | * | |
| FIRST PETROLEUM, INC. | * | |
| | * | MAGISTRATE JUDGE KAY |
| Defendant | * | |

**************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 18], filed by the plaintiff, Certain Underwriters at Lloyd's, London (plaintiff), to which First Petroleum, Incorporated (First Petroleum), has filed an Opposition [Doc. 20] and the plaintiff has filed a Reply [Doc. 25]. For the following reasons, the plaintiff's Motion [Doc. 18] is hereby **GRANTED**.

### FACTS AND PROCEDURAL HISTORY

The plaintiff issued a commercial general liability policy (the policy) to Swati Enterprises, Incorporated, and Mohammad Swati for the policy period from May 4, 2011, to May 4, 2012.[1] The policy lists those persons and entities insured under the policy, which includes Shujat Swati, who at the time of the accident herein was the president and sole shareholder of First Petroleum.[2]

First Petroleum was originally incorporated by Mohammad Swati for the purpose of operating CJ's Exxon, a convenience store that was the location of the alleged incident giving

---

[1] Compl. [Doc. 1], at ¶ 5. *See also* Ins. Policy of Swati Enterprises, et al., No. LG10576 [Doc. 1-2], at 3.
[2] Ins. Policy of Swati Enterprises, et al., No. LG10576 [Doc. 1-2], at 56. *See also* Aff. of Shujat Swati [Doc. 20-3], at ¶ 10.

1

rise the underlying lawsuit which itself gave rise to this action.[3] CJ's Exxon is also listed on the policy's "Schedule of Locations," though the policy does not list it as an insured entity.[4]

Roderick L. Davis alleges that he sustained severe injuries in a physical altercation with Harold "Trey" Hargrave at CJ's Exxon on or about December 1, 2011.[5] Mr. Davis and his wife, Stephanie Davis, brought suit against Mr. Hargrave, and First Petroleum, for monetary damages (the underlying lawsuit).[6] Mr. and Mrs. Davis allege that First Petroleum was negligent, and is strictly liable for Mr. Davis' injuries.[7]

The plaintiff filed suit seeking a declaratory judgment, claiming that First Petroleum is neither a "named insured," nor an "additional insured," and does not fit the criteria of "Who is an Insured," as set forth in the policy.[8] The plaintiff's chief contention is that, although the underlying lawsuit identifies CJ's Exxon as the location of the accident, it neither names CJ's Exxon, nor any other insured person or entity, as party defendants.[9] The plaintiff claims that the policy's terms only obligate the plaintiff to provide a defense to "the insured" for suits seeking damages for bodily injury.[10] The plaintiff also states that, although Shujat Swati was reportedly the president and director of First Petroleum when the accident occurred, and Shujat Swati is listed as an insured party, that coverage is not imparted to First Petroleum under the terms of the policy.[11]

First Petroleum acknowledges that it is not listed as an insured party on the policy, but urges the court to draw legal significance from the fact that CJ's Exxon was listed on the policy

---

[3] *See* Aff. of Shujat Swati [Doc. 20-3], at ¶¶ 1-2, 6.
[4] Ins. Policy of Swati Enterprises, et al., No. LG10576 [Doc. 1-2], at 59.
[5] Pet. [Doc. 1-3], at ¶ 4.
[6] *Id.* at ¶¶ 1-3.
[7] *Id.* ¶ 6-7.
[8] Statement of Undisputed Material Facts [Doc. 18-1], at ¶¶ 8-10.
[9] Memo. in Supp. [Doc. 18-2], at 6-7. *See generally* Ins. Policy of Swati Enterprises, et. al, No. LG10576 [Doc.1-2], at 1.
[10] Memo. in Supp. [Doc. 18-2], at 6.
[11] *Id.* at 5-7.

2

as a location owned, rented, or occupied by the named insureds.[12] First Petroleum claims that it was their intent in purchasing the policy to secure general liability coverage for First Petroleum as well as for the CJ's Exxon store.[13] First Petroleum further asserts that their company's exclusion from the final policy was the fault of either its insurance agent or the insurer.[14] In the affidavit of Mr. Shujat Swati, he claims that at all times pertinent hereto, CJ's Exxon was the only store operated by First Petroleum, and that First Petroleum frequently operated under the name "First Petroleum d/b/a CJ's Exxon."[15]

Apparently, Brian McGee, an employee of Swati Enterprises, Incorporated, was tasked with renewing Swati Enterprises, Incorporated's, policy of insurance with its local insurance agency, Brandon Rose Insurance Agency (the local agency).[16] Mr. McGee provided the local agency with a spreadsheet containing the many store locations owned and operated by the Swati family that were in need of coverage.[17] However, while the spreadsheet contained property descriptions, it evidently did not state which legal entities were in need of coverage.

First Petroleum claims that it does not know why it was not included in the policy, and that this alleged oversight had never been noticed prior to the commencement of the underlying lawsuit.[18] It argues that, because discovery has not been conducted, testimony and evidence has not yet been discovered which may flush out facts that will determine why First Petroleum was not listed as an insured party on the policy.[19] The Swatis sold all of their stock in First Petroleum to Mohammad Hossain and Farhana Saddiquee, on July 20, 2012.[20]

---

[12] Memo. in Opp. [Doc. 20], at 3.
[13] Id.
[14] Statement of Genuinely Disputed Facts [Doc. 20-2], at ¶ 6.
[15] Aff. of Shujat Swati [Doc. 20-3], at ¶ 6.
[16] Aff. of Shujat Swati [Doc. 20-3], at ¶ 11.
[17] Aff. of Shujat Swati [Doc. 20-3], at ¶ 12.
[18] Memo. in Opp. [Doc. 20], at 7.
[19] Memo. in Opp. [Doc. 20], at 7.
[20] Aff. of Shujat Swati [Doc. 20-3], at ¶ 4.

## SUMMARY JUDGMENT STANDARD

A grant of summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment may be granted when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a motion for summary judgment, "[t]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted) (emphasis deleted). "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Dreyer v. Yelverton*, 291 Fed. App'x 571, 576 (5th Cir. 2008) (*citing Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 478 (5th Cir.2002)). The court must view "all facts and evidence in the light most favorable to the non-moving party when considering a motion for summary judgment." *Weeks Marine, Inc. v. Standard Concrete Products, Inc.*, 737 F.3d 365, 368-69 (5th Cir. 2013) (*citing Dameware Dev., L.L.C. v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206–07 (5th Cir.2012)) (additional citations omitted).

Summary judgment may be granted before discovery takes place; if a party is unable to defend such a motion, a request for continuance for further discovery is his remedy. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (*citing New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1081 (Fed. Cir. 1989)).

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: **(1)** defer considering the motion or deny it; **(2)** allow time to obtain affidavits or declarations or to take discovery; or **(3)** issue any other appropriate order.

FED. R. CIV. P. 56(d).

## CHOICE OF LAW

The parties dispute the applicable state law which should govern this policy.[21] When a federal court's subject matter jurisdiction is predicated upon diversity of citizenship, the choice of law rules of the forum state govern. *Roberts v. Energy Dev. Corp.*, 104 F.3d 782, 786 (5th Cir. 1997) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)). Article 3537 of the Louisiana Civil Code states that, in order to determine which applicable law governs, courts must establish which state's laws "would be most seriously impaired if its law were not applied to that issue." LA. CIV. CODE ANN. art. 3537.

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

LA. CIV. CODE ANN. art. 3537.

With regard to issues of insurance policy interpretation, "Louisiana courts generally choose the law of the state in which the insurance policy in question was issued to govern the interpretation of the terms of the policy." *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999) (citing *Anderson v. Oliver*, 705 So. 2d 301, 305-06 (La. Ct. App. 1998) (additional citations omitted)). "The Fifth Circuit has held, however, that '[i]f the laws of the states do not conflict, then no choice-of-law analysis is necessary,' and a court may simply apply the law of the forum state." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 2:09-CV-00308, 2013 WL 3557541 (W.D. La. July 11, 2013) (citing

---

[21] *See* Memo. in Supp. [Doc. 18-2], at 7-9; Memo. in Opp. [Doc. 20], at 5-6.

*Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (additional citation omitted).

The policy was issued, negotiated, and written in Texas, by underwriters doing business in Texas through their agent, and the policy was issued to provide liability insurance to a Texas corporation.[22] First Petroleum argues that Louisiana law should apply because any proceeds paid under the contract should have been payable to First Petroleum, which is domiciled in Louisiana.[23] However, as it was already established by both parties that First Petroleum is not listed on the policy, First Petroleum's argument in this regard is without merit. As such, the court finds that Texas law is applicable to the policy.

Even if the court were to apply Louisiana contract law to interpret the policy, the ultimate outcome of this ruling would be the same. This is because, as other courts have recognized, "the general rules of contract and interpretation according to the laws of Louisiana and Texas are similar and would lead to the same result." *Burlington Res., Inc. v. United Nat'l Ins. Co.*, 481 F. Supp. 2d 567, 570-71 (E.D. La. 2007).

## Texas Law

### Duty to Defend

The plaintiff's primary argument is that it has no duty to defend First Petroleum in the underlying lawsuit because the defendant is not insured under the Policy.[25] "In order to decide whether there is a duty to defend under the policy, the court must first determine whether the party alleging coverage qualifies as an additional insured under the policy." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839

---

[22] Memo. in Supp. [Doc. 18-2], at 8-9.
[23] Memo. in Opp. [Doc. 20], at 6.
[25] Compl. [Doc. 1] at ¶ 11.

(5th Cir. 2012) (*citing Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 594 (5th Cir.2011)) (additional citations omitted). "[T]erms in an insurance contract will be given their ordinary meaning unless the policy shows that the words were meant in a technical or different sense." *Millis Dev. & Const., Inc. v. Am. First Lloyd's Ins. Co.*, 809 F. Supp. 2d 616, 626 (S.D. Tex. 2011) (additional citations omitted).

"An insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the policy." *Fair Operating, Inc. v. Mid-Continent Cas. Co.*, 193 Fed. App'x 302, 304 (5th Cir. 2006). This if often referred to as the "eight corners" or "complaint allegation" rule. *Id.* (*citing Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004)). The "eight corners rule" states there is a duty to defend "when the facts alleged in the complaint, if taken as true, would potentially state a cause of action falling within the terms of the policy." *Id.* (*citing Northfield Ins. Co.*, 363 F.3d at 528) (additional citations omitted). "In determining whether this duty exists, the court's only job is to compare the four corners of the pleading with the four corners of the insurance policy." *Millis Dev. & Const., Inc.*, 809 F. Supp. 2d at 629 (citation omitted). If it can be shown both that the requesting party is an insured party, and that the facts alleged in the complaint, if taken as true, would trigger the duty to defend under the policy, the "eight corners rule" is satisfied, thus resulting in the insurer's duty to defend. *ACE Am. Ins. Co.*, 699 F.3d at 839 (citations omitted). The insurer has no duty to defend if the complaint "only alleges facts excluded by the policy." *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982) (additional citations omitted).

The policy herein contains no mention of First Petroleum as an additional insured.[26] Nor are there any amendments to the policy indicating that First Petroleum is an insured entity, or even that it held an ownership interest in CJ's Exxon, even though other corporations and individuals were added to the policy as insured parties by amendment.[27]

The policy states that the plaintiff has "the right and duty to defend the insured against any 'suit' seeking [bodily injury or property] damages."[28] The policy lists the "insured" as Swati Enterprises, Incorporated, Mohammad Swati, and several additional limited liability companies, corporations, and individuals, including Shujat Swati, that appear to have been subsequently added as insured entities and individuals.[29] Section II of the policy, entitled "Who is an Insured," provides a detailed list of who is, and is not, an insured individual or entity; First Petroleum is able to make no argument that it should be considered an insured party under any of the definitions contained therein.[30]

It seems that First Petroleum is unsure as to why its name was never included on the insurance policy that was executed with the plaintiff.[31] While the court is sympathetic to First Petroleum's position, the plaintiff entered into a contract of insurance to provide coverage to a discrete and limited group of entities and individuals, and it would be unjust at this stage to insert an additional party into that contract of insurance when there is no evidence that that party's exclusion was the fault of the plaintiff. While this finding does not preclude First Petroleum from seeking recovery

---

[26] *See generally* Ins. Policy of Swati Enterprises, et. al, No. LG10576 [Doc.1-2].
[27] *See generally* Ins. Policy of Swati Enterprises, et. al, No. LG10576 [Doc.1-2], at 56.
[28] Ins. Policy of Swati Enterprises, et. al, No. LG10576 [Doc.1-2], at 17, 56.
[29] *See* Ins. Policy of Swati Enterprises, et. al, No. LG10576 [Doc.1-2], at 11.
[30] *See* Ins. Policy of Swati Enterprises, et. al, No. LG10576 [Doc.1-2], at 25.
[31] *See* Memo. in Opp. [Doc. 20], at 7.

against the local agency if the miscommunication is a result of negligence or misrepresentation, it does relieve the plaintiff of its obligation to provide First Petroleum with a defense in the underlying lawsuit.

**Duty to Indemnify**

The duty to indemnify is narrower than the duty to defend, relying on the actual facts established in the underlying litigation, rather than the allegations in the pleadings. *Alea London Ltd. v. Bickford*, 627 F. Supp. 2d 763, 771 (S.D. Tex. 2009) (citations omitted). As a general matter, "an insurer's duty to indemnify cannot be determined until after the underlying suit has been resolved." *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008) (*citing Collier v. Allstate Cnty. Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex. App. 2001)). However, "an insurer not owing a duty to defend invariably owes no duty to indemnify." *Bickford*, 627 F. Supp. 2d at 771 (*citing Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 324 (5th Cir. 2001) (additional citation omitted)). As such, "the duty to indemnify may be resolved at summary judgment . . . when 'the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir. 2011) (*citing Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex.1997)) (internal quotes omitted).

In the instant case, because First Petroleum is not listed as an insured party in the insurance contract in question, leading to the inevitable finding that the plaintiff is under no obligation to provide First Petroleum with a defense, the plaintiff likewise has no duty

to defend the First Petroleum in the underlying lawsuit, for the same reasons.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Summary Judgment [Doc. 18] be and hereby is **GRANTED.**

Lake Charles, Louisiana, this 1 day of October, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE